UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY RICHARDSON,

                       Plaintiff(s),

vs.                                          Case No. 8:01-CV-1114-T-27TGW

PUBLIC ASSISTANCE,

                       Defendant(s).
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's "Motion to Inquir of the Civil Complaint, the Above Case No." (Dkt. 29).

On June 11, 2001, Plaintiff filed her Complaint in this action and a Motion to Proceed *In Forma Pauperis*. (Dkts. 1 and 2). On September 21, 2001, the Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* because her Affidavit of Indigency was not notarized and ordered Plaintiff to pay the appropriate filing fee within thirty (30) days. (Dkt. 5). On April 19, 2002, the case was dismissed and closed due to Plaintiff's failure to pay the filing fee. (Dkt. 6).

Plaintiff moved to reopen the case on July 11, 2003, along with a request that she be permitted to pay the filing fee by payment plan. (Dkt. 7). The Court granted Plaintiff's Motion and reopened the case on August 4, 2003. (Dkt. 8). On October 3, 2003, Plaintiff filed a Second Motion to Proceed *In Forma Pauperis*. (Dkt. 9). On October 16, 2003, the Court granted Plaintiff's Second Motion to Proceed *In Forma Pauperis*, setting forth a payment plan for the filing fee. (Dkt. 10).

Over the next year, Plaintiff neglected to pay the filing fee according to the payment plan and failed to serve the Defendant with a Summons and Complaint, despite the Court's grant of

1

extensions and detailed instructions that she do so. (Dkts. 11, 13, 17, 22, 23 and 25). On October 12, 2004, the Court entered an Order to Show Cause why the case should not be dismissed for lack of prosecution. (Dkt. 26). This Order was returned as undeliverable by the Post Office on October 29, 2004.[1]

On January 6, 2005, Plaintiff filed a "Motion to Find Out the Ruling in Civil Case Number Above" and a Notice of Change of Address. (Dkts. 27 and 28). On May 19, 2005, Plaintiff filed a "Motion to Inquir of the Civil Complaint, the Above Case No." (Dkt. 29).

To date, Plaintiff has not perfected service on Defendant and has failed to pay the filing fee. Accordingly, based on the above, this action is DISMISSED for failure to perfect service of process in accordance with Rule 4(m), Federal Rules of Civil Procedure, and failure to pay the filing fee in accordance with this Court's Order (Dkt. 10).

In addition, dismissal is also appropriate pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B), the statute governing proceedings *in forma pauperis*, which provides:

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... if frivolous or malicious; [or] fails to state a claim on which relief can be granted ...."

Based on Plaintiff's failure to prosecute this case for almost four (4) years, including her failures to comply with Court Orders, pay the filing fee, and complete service of process, this action should be DISMISSED as an abuse of the judicial process.

---

[1] Based on this Court's review of the docket, it appears the Order to Show Cause was properly sent to Plaintiff at the address listed in her most recent (as of that date) Notice of Change of Address dated January 20, 2004. (Dkt. 18).

As an additional matter, this Court notes that Plaintiff is no longer eligible for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). This section provides:

> "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger if serious physical injury."

Plaintiff has filed the following actions, among others, while incarcerated that have been dismissed as frivolous or malicious or based on failure to state a claim:[2]

1) 5:99-CV-279-WTH – Dismissal based on abuse of the judicial process (Dkt. 3);
2) 8:99-CV-1304-SCB – Dismissal based on failure to exhaust administrative remedies (Dkt. 8);
3) 5:00-CV-124-WTH – Dismissal based on failure to exhaust administrative remedies and other issues related to noncompliance (Dkt. 5);
4) 8:00-CV-235-EAK – Dismissal based on failure to exhaust administrative remedies (Dkt. 11);
5) 8:00-CV-315-HLA – Dismissal based on determination that action was frivolous (Dkt. 13); and
6) 6:01-CV-842-ACC – Dismissal based on determination that action was frivolous (Dkt. 4).

Based on these prior actions/dismissals, unless Plaintiff is in "imminent danger of serious physical injury," Plaintiff is no longer entitled to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Rivera v. Allin*, 144 F.3d 719, 730-731 (11th Cir. 1998). Plaintiff may only initiate future civil actions or appeals by filing the full filing fee at the time the complaint is filed. *Id.*

---

[2] "Under section 1915(g), prisoners obtain a 'strike' against them for purposes of future IFP eligibility when their 'action or appeal in a court of the United States [is] dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]'" *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir. 1998). Dismissals based on "failure to exhaust administrative remedies" are considered dismissals for failure to state a claim and are counted as strikes for purposes of § 1915(g). *Id.* at 731. In addition, dismissals based on "abuse of the judicial process" are considered frivolous or malicious and are also counted as strikes for purposes of § 1915(g). *Id.* at 731.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion (Dkt. 29) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**. All pending motions are denied as moot. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 26th day of May, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel/*Pro se* Parties of Record